UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY J. ABUAN,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF FIFE, et al.,<br><br>        Defendants. | CASE NO. C12-5069 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REMANDING MATTER |

This matter comes before the Court on Defendant City of Fife's ("City") motion for summary judgment (Dkt. 20). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 29, 2011, Plaintiff Anthony Abuan ("Abuan") filed a complaint against the City and other defendants in Pierce County Superior Court for the State of Washington. Dkt. 1 at 7–14 ("Complaint"). Abuan alleges that he has suffered damages

as a result of the City's negligent and reckless actions and also asserts violations of his civil rights under 42 U.S.C. § 1983. *Id*.

On January 26, 2012, the action was removed to this Court. Dkt. 1.

On October 18, 2012, the City filed a motion for summary judgment. Dkt. 20. On November 5, 2012, Abuan responded. Dkt. 22. On November 9, 2012, the City replied. Dkt. 23.

## II. FACTUAL BACKGROUND

On January 2, 2009, the City issued Abuan a traffic infraction for running a red light the previous afternoon. Dkt. 21, Declaration of Sally Jacobsen, Exh. A. The City mailed the notice of the infraction to Abuan at a street address in Eatonville, WA. *Id*. Abuan declares that he does not receive mail at his street address and that he never received the notice of infraction. Dkt. 22–2, Declaration of Anthony Abuan ¶ 4.

Abuan alleges that he learned about the infraction in July of 2010 as the result of a credit check for a home loan. Complaint, ¶ 13. Evidently, Abuan's failure to respond to or pay the infraction was reported to the credit agencies.

## III. DISCUSSION

**A.  Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B. The City's Motion**

The City moves for summary judgment on (1) Abuan's state law claims because they are preempted by the Fair Credit Reporting Act ("FRCA") and (2) Abuan's civil rights claim because it is baseless. Dkt. 20. The Court will first consider the civil rights claim.

**1. 42 U.S.C. § 1983**

Section 1983 is a procedural device for enforcing constitutional provisions and federal statutes; the section does not create or afford substantive rights. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In order to state a claim under 42 U.S.C. § 1983, plaintiffs must demonstrate that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

In this case, Abuan alleges that the City's traffic infraction procedures violated his substantive and procedural due process rights. Complaint, ¶¶ 28–29. Substantive due process protects an individual from certain deprivations no matter what process the government provides. *Id*. at 331. Abuan can hardly contest that a financial deprivation for committing a traffic infraction is a violation of the Constitution's substantive due process protections. Therefore, the Court grants the City's motion on Abuan's substantive due process claim.

With regard to procedural due process, "[t]he opportunity to be heard is an essential requisite of due process of law in judicial proceedings." *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 797 (1996). Abuan argues that he "was completely unaware that he had ever been cited for an infraction or that he needed to appear in court." Dkt. 22 at 7. Abuan, however, admits that he received notice of the infraction in July of 2010 and, critical to Abuan's claim, he fails to show that there were not adequate procedural protections to prevent or correct any actual deprivation at that point in time. For example, the FCRA provides a procedure for disputing "the completeness or accuracy of any item of information contained" in an individual's file. 15 U.S.C. § 1681i. Moreover, Abuan has failed to show the absence of any City provided procedures when an accused can show that the initial notice was not properly provided. Therefore, the Court grants the City's motion on Abuan's procedural due process claim because he has failed to submit evidence on every element of his claim.

**2.     FRCA**

The City contends that Abuan's state law claims are preempted by the FCRA because they are based on the allegation that the City negligently furnished information to credit reporting agencies. Dkt. 20 at 5–6. Abuan counters that the FCRA governs the reporting of inaccurate information, the City reported accurate information, and that his state law negligence claims are based on the City's failure to provide adequate procedures before reporting such information. Dkt. 22 at 4–6. The Court agrees with Abuan as he is the master of his complaint. *See* Complaint, ¶¶ 20, 24. The Court declines to exercise supplemental jurisdiction over these state law claims because (1) the

1  Court has entered judgment on all of Abuan's federal claims and (2) the claims appear to
2  be novel issues of state law.  *See* 28 U.S.C. § 1367(c).  Therefore, the Court denies the
3  City's motion on the issue of FCRA preemption, declines to exercise supplemental
4  jurisdiction over Abuan's remaining state law claims, and remands these claims to state
5  court.

### IV. ORDER

Therefore, it is hereby **ORDERED** that the City's motion for summary judgment (Dkt. 20) is **GRANTED in part** on Abuan's 42 U.S.C. § 1983 claim and **DENIED in part** on Abuan's other claims.  The Clerk shall prepare a judgment in favor of the City on Abuan's 42 U.S.C. § 1983 claim and remand this matter to Pierce County Superior Court for the State of Washington.

Dated this 3rd day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge