UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY J. ABUAN,

    Plaintiff,

 v.

CITY OF FIFE, et al.,

    Defendants.

CASE NO. C12-5069 BHS

ORDER DENYING MOTION FOR RECONSIDERATION

  This matter comes before the Court on Defendant City of Fife's ("City") motion for reconsideration (Dkt. 28).

  On December 3, 2012, the Court issued an order granting the City's motion for summary judgment on Plaintiff Anthony Abuan's ("Abuan") federal law claims, declining to exercise supplemental jurisdiction on Abuan's state law claims, and remanding the matter to state court. Dkt. 25. On December 5, 2012, the City filed a motion for reconsideration arguing that the Fair Credit Reporting Act ("FCRA") preempts Abaun's state law claims. Dkt. 28.

  As an initial matter the City moves for reconsideration under Fed. R. Civ. P. 60, which is titled "Relief from a Judgment or Order." Motions for reconsideration, however, are governed by Local Rule CR 7(h), which provides as follows:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, it appears that the City is arguing that the Court committed manifest error in its prior ruling. The City argues that, because Abuan's claim "is based on alleged injury arising purely from the reporting of credit information by a furnisher of credit, it is preempted." Dkt. 28. The City has failed to correctly read Abuan's complaint and it is a general rule that Abuan is the master of his complaint. That complaint, attached to the City's notice of removal (Dkt. 1 at 7–13), explicitly states that the City negligently and/or recklessly (1) "failed to maintain a proper procedure for providing notice" (*id*. ¶ 20) and (2) "failed to maintain a proper procedure for providing mailing addresses of registered vehicle owners . . ." (*id*. ¶ 24). The FRCA preempts state law actions based on the reporting of information, not actions based on an entity's procedures. Whether Abuan states a plausible claim for relief is best addressed by a state court and the Court will not rewrite the complaint to address preemption. Therefore, the City's motion is **DENIED.**

**IT IS SO ORDERED**.

Dated this 6th day of December, 2012.

BENJAMIN H. SETTLE
United States District Judge